IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 01-170

FILED

OCT 1 2 2001

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

IN RE THE MATTER OF: )
JERE N. MORRIS )
)
Attorney at Law, )        ORDER
)
Respondent. )

On June 5, 2001, the Commission on Practice of the Supreme Court of the State of Montana issued its Findings of Fact, Conclusions of Law and Recommendation, regarding the disciplinary action against Attorney Jere N. Morris. The Commission concluded that Mr. Morris violated Rules 1.1, 1.3, and 1.4(a) of the Montana Rules of Professional Conduct when Mr. Morris failed to provide competent representation to Mr. and Mrs. Rodney J. Kraft and Ms. Jeri Dee Weidner, failed to act with reasonable diligence and promptness in representing Mr. and Ms. Kraft and Ms. Weidner, failed to keep Mr. and Mrs. Kraft and Ms. Weidner reasonably informed about the status of their matters, and failed to promptly comply with their reasonable requests for information.

The Commission unanimously recommended the following:

1. That Morris be suspended from the practice of law for a period of not less than one year;
2. That the fees of $400 paid by Krafts and of $700 paid by Weidner be refunded to the respective clients;
3. That Morris pay the costs of these proceedings;
4. That as a condition to consideration of any petition for reinstatement to the practice of law that Morris demonstrate he has received significant training in law office management practices and in effective client communication;
5. That any reinstatement to practice be conditioned upon Morris' participation in a mentorship program under the direction of a licensed Montana lawyer approved by the Commission for a period of time to be established at time of reinstatement.

On June 11, 2001, pursuant to Rule 9 of the Rules for Lawyer Disciplinary Enforcement, we ordered that Mr. Morris tile objections together with a written brief in support thereof to said Findings, Conclusions and Recommendation of the Commission

within 30 days of service of the Order. On August 13, 2001, Mr. Morris moved for an additional 30 days within which to file his objections, stating that family emergencies required his presence in Dallas, Texas. On August 2 1,200 1, we granted Mr. Morris' motion for additional time ordering that he file his objections on or before September 19, 2001.

To date, Mr. Morris has not filed objections to the Commission's Findings, Conclusions and Recommendation. Since the time in which Mr. Morris was allowed to file objections has expired, we now deem the matter submitted. After examining the record, we adopt and approve the Findings of Fact, Conclusions of Law and Recommendation of the Commission on Practice. Therefore,

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law and Recommendation of the Commission are generally adopted in their entirety. Specifically,

IT IS FURTHER ORDERED that:

1. Mr. Morris be suspended from the practice of law for a period of not less than one year.

2. Mr. Morris pay Mr. and Mrs. Kraft $400.00 within 60 days of this Order.

3. Mr. Morris pay Ms. Weidner $700.00 within 60 days of this Order.

4. Mr. Morris shall pay all costs of the proceedings involving this matter before the Commission on Practice, which according to the attached statement of the Secretary of the Commission on Practice total $2,172.45. Mr. Morris shall have ten days from the date of service of this Order to file any objections with the Commission to the costs assessed against him. Should he so desire, Mr. Morris may also request a hearing before the Commission on the question of reasonableness and necessity of said costs. Subsequent to filing any objections and hearing before the Commission, the Commission shall file with this Court its recommendation as to said costs along with any objections thereto, filed by Mr. Morris, after which this Court will enter a final order regarding costs of this proceeding.

5. As a condition to consideration of any petition for reinstatement to the practice of law that Mr. Morris demonstrate he has received significant haining in law office management practices and in effective client communication.

6. Any reinstatement to practice be conditioned upon Mr. Morris' participation in a mentorship program under the direction of a licensed Montana lawyer approved by the Commission for a period of time to be established at time of reinstatement.

The Clerk of Court is directed to mail a copy of this Order by certified mail, return receipt requested, to Jere N. Morris, 208 North 29th Street, #227, Billings, Montana, 59101.

The Clerk of Court is further directed to mail copies of this Order to the District Judges of the State of Montana; to the Clerks of the District Court of the State of Montana; to the Clerk of the Federal District Court for the District of Montana; to the Clerk of the Circuit Court of Appeals of the Ninth Circuit; to the Executive Director of the State Bar of Montana; to the Chairman and Secretary of the Commission on Practice; and to Special Counsel Brent R. Cromley.

Dated this day of October, 2001.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices

3



# COMMISSION ON PRACTICE OF THE SUPREME COURT
## OF THE STATE OF MONTANA

ROOM 3 15, JUSTICE BUILDING
215 NORTH SANDERS
HELENA, MONTANA 59620.3002

Jere N. Morris, II
208 N. 29th St., #227
Billings, MT 59101-1926

October 12, 2001

COP File Nos. 00-4164 and 00-4170
Supreme Court File No. 01-170
Court Order of: October, 2001

05/17/01    Commission    Proceedings

| | | |
|---|---|---|
| Sullivan Reporting Transcripts | $ 293.78 | $ 293.78 |
| Travel Expenses for participating members | 1,022.59 | 1,022.59 |
| Commission Expense Meeting room expense | 150.19 | 150.19 |
| Moulton Bellingham ▪ Brent R. Cromley | | |
| Fees at $30. per hour. | -O- | -0. |
| Phone, Travel Expense, postage | 233.91 | 233.91 |
| Witness Expense | | |
| Jeri Weidner | 471.98 | 471.98 |

Total cost of proceedings                   **$2,172.45**